## Bowling v. Evans et al.

(Decided Nov. 20, 1936.)

H. R. WILHOIT for appellant.

COUNTS & COUNTS and D. V. KIBBEY for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Affirming.

On January 17, 1920, C. L. Rice executed to the Peoples Bank a note for $500 payable 12 months from date, and secured by a mortgage on three tracts of land in Carter county. On March 30, 1934, the note and mortgage were assigned to Daniel Evans. Afterwards the three tracts of land were conveyed by Rice to G. H. and Mary Bowling. On July 14, 1931, the Bowlings executed a note for $1,000 to James P. Carpenter, and secured it by a lien on the same land, with the exception of a few acres which had been conveyed to Charles and Bethel Biggs, and by them conveyed to Ray Bowling. Afterwards Carpenter transferred and assigned the $1,000 note and mortgage to Daniel Evans.

G. W. Bowling died intestate in 1933, and Mary Bowling was appointed his administratrix. On July 10, 1934, Daniel Evans brought this action to recover on the two notes, one for $500 and the other for $1,000, and to enforce the mortgage liens by which they were secured. Mary Bowling filed an answer for herself individually and as administratrix, and stated that she had no defense to the action. Ray Bowling filed his separate answer setting up title to about 20 acres of land which he had purchased after the execution of the $500 mortgage and before the execution of the $1,000 mortgage, and asked that it be excluded from any sale.

It was adjudged that the plaintiff Daniel Evans recover of the defendants the sum of $1,000 with interest from July 14, 1932, and the further sum of $500 with interest from January 9, 1921, and his costs. It was further adjudged that, to secure the sum of $500 with interest thereon, Daniel Evans had a lien upon the three tracts of land. It was also adjudged that Ray Bowling was the owner of certain described tracts of land aggregating about 20 acres. Following the description of the land adjudged to Ray Bowling the judgment provided that the $500 note and mortgage covered said land, but that the $1,000 note and mortgage did not cover the said land, and that Daniel Evans had no lien on said

tracts to secure the $1,000 note. The master commissioner was then directed to sell the balance of the land, excluding the three tracts owned by Ray Bowling in order to satisfy the $500 and interest. The first two tracts of land described in the judgment were sold at the price of $2,300. Mary Bowling, in addition to other grounds, excepted to the sale on the ground that the judgment only directed the sale to satisfy the debt of $500, and did not direct the sale to satisfy the $1,000 debt. The motion was then made for a nunc pro tunc judgment awarding a lien for the $1,000 debt. The motion was sustained and the report of sale was confirmed. Mary Bowling appeals.

The entry of the nunc pro tunc order is challenged on the ground that the error in the original judgment was judicial and not clerical; that the nunc pro tunc order was not authorized by the memorandum of the court; and proper notice of the application for a nunc pro tunc order was not given. It is true that a nunc pro tunc order cannot be used for the purpose of correcting a judicial error, or to make the record speak what it did not speak, but ought to have spoken. Benton v. King, 199 Ky. 307, 250 S. W. 1002. It is also true that, in determining what judgment has been rendered, we must look to the record and the record alone, and that no judgment can be entered or amended nunc pro tunc unless the amendment be authorized by a matter of record. Benton v. King, supra; Robertson v. Donelan, 138 Ky. 149, 127 S. W. 754, Ann. Cas. 1912A, 1280. In deciding the case the court made the following memorandum on the folder of the file: ''Judgment for plaintiff for the notes. Petition dismissed as to Fred Bowling.'' It is argued that the memorandum did not indicate any purpose to award a lien for, or order a sale to satisfy, the $1,000 debt. The memorandum must be interpreted in the light of the entire record. The suit was to collect the two notes and enforce the mortgage liens. The answer of Mary Bowling individually, and as administratrix, stated that she had no defense to the action. The amount due on the notes and the right to a lien to secure their payment were conceded. The only issue in the case was the right of Ray Bowling to have a small portion of the land excluded from the sale, and this was conceded by plaintiff. The memorandum indicated a judgment for Fred Bowling, and ''judgment for plaintiff for the notes.'' If the memorandum had read

"judgment for plaintiff" it would have authorized a recovery on the notes, the awarding of a lien to secure the payment of each, and an order of sale to satisfy their payment. It is not perceived how the addition of the words "for the notes" limited the judgment in any way. With the Ray Bowling land eliminated, the $1,000 mortgage stood on the same basis as the $500 mortgage, and both liens followed as a matter of course. Indeed the error in drawing the judgment is clearly portrayed in the judgment itself. It declares that the "said $500.00 note and mortgage herein covers said land but that the $1000.00 note and mortgage sued on herein does not cover the said land and the plaintiff, Daniel Evans, has no lien on said tracts to secure the $1000.00 note and mortgage herein." The words "said land" and "said tracts" do not refer to the three tracts described in the mortgages, but refer to the three small tracts purchased by Ray Bowling and appearing in the judgment just prior to the quoted language. If it were not intended to award a lien for the $1,000 note, it is not perceived why the judgment should recite in substance that plaintiff had no lien on the land conveyed to Ray Bowling to secure the $1,000 note. We are therefore constrained to hold that the memorandum of the court, construed in the light of the entire record, was sufficient to authorize the entry of the nunc pro tunc judgment.

But the nunc pro tunc order was entered in vacation, and it remains to determine whether the order should be reversed on the ground that no notice of the motion was given appellant as required by section 964b-1, Kentucky Statutes. It is conceded that appellant was present by counsel when the motion was made and ruled on. The case was not one requiring time for preparation. It turned on a mere inspection of the record, and, as appellant was present by counsel, it is not perceived how her substantial rights were prejudiced in any way by the absence of a formal notice. Happy Coal Company v. Brashear, 263 Ky. 257, 92 S. W. (2d) 23.

The entry of the nunc pro tunc order leaves no substantial ground for setting aside the sale.

Judgment affirmed.