**KELLY v. DELAWARE RIVER JOINT COMMISSION et al.**

No. 9303.

United States District Court
E. D. Pennsylvania.

July 27, 1950.

Judgment Affirmed Jan. 26, 1951.

See 187 F.2d 93.

Henry D. O'Connor, Philadelphia, Pa., for plaintiff.

Swartz, Campbell & Henry, Philadelphia, Pa., for Delaware River Joint Commission and J. I. Hass Co.

Philip Price, Philadelphia, Pa., for Philadelphia Transp. Co.

GANEY, District Judge.

This is a motion to amend a complaint one year after a judgment of dismissal has been entered and unappealed from. D.C., 85 F.Supp. 15.

Since a judgment of dismissal has been here entered, the proper procedure would be a petition for leave to open the judgment, coupled with a request for leave to amend. However, considering this petition as covering both of these requests, the question then posed is whether leave to amend may be allowed.

While a motion to dismiss is not a responsive pleading within the meaning of 15(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., United States v. Newbury Mfg. Co. et al., 1 Cir., 123 F.2d 453, nevertheless it was never intended that a plaintiff should have the right to amend without limit of time after judgment of dismissal has been entered. It would seem that the limit of one year set in Rule 60(b) of the Federal Rules, supra, is a fair limit within which the Court should exercise its discretionary power. Kroell v. New York Ambassador, Inc., 2 Cir., 108 F.2d 294, 296.

Since one year has here elapsed, the plaintiff's motion is denied.