Robert Leon JAMES, an Infant 16 Years of Age, Who Sues by His Next Friend, Arnold J. LeMaire and Odis James, Appellants,

v.

**HILLERICH & BRADSBY COMPANY,**
Inc., Appellee.

Court of Appeals of Kentucky.

Sept. 28, 1956.

Rehearing Denied March 15, 1957.

Vincent J. Hargadon, Arnold J. LeMaire, Louisville, for appellants.

Woodward, Hobson & Fulton, Louisville, for appellee.

CULLEN, Commissioner.

Robert Leon James, a 16-year-old boy, brought action through his next friend against the Hillerich & Bradsby Company, of Louisville, to recover damages for personal injuries sustained when a softball bat, manufactured by the defendant, broke in two while being used in a softball game in St. Louis, and a piece of the bat struck the plaintiff, who was the pitcher in the game. The boy's father also sued for damages for loss of services of his son. The actions were predicated upon alleged negligence of the defendant in manufacturing the bat, which had been sold to the St. Louis Board of Education through a jobber and was being used in a game sponsored by the board.

On April 28, 1955, the trial court sustained the defendant's motion to dismiss, and entered an order dismissing the actions with prejudice, on the ground that the complaints did not state a claim upon which relief could be granted. After more than 10 days had expired, the plaintiffs tendered amended complaints, which the court permitted to be filed over the objection of the defendant. Some time later, and more than 50 days after the order dismissing the actions had been entered, the court, again over the objections of the defendant, permitted another amended complaint to be filed, and entered an order, on motion of the plaintiffs, amending the order of dismissal, nunc pro tunc, so as to strike the words "with prejudice". Thereafter the court sustained a motion of the defendant to dismiss the amended complaints, again on the ground of failure to state a claim on which relief could be granted, and on June 24, 1955, entered a new judgment dismissing the actions with prejudice.

The plaintiffs have appealed from the judgment of June 24, 1955. The defendant has moved to dismiss the appeal, on the ground that the trial court had no jurisdiction to reopen or amend the original order of dismissal, after the expiration of 10 days; that the judgment of June 24, 1955, therefore is void, and no appeal can be taken from it. The effect of dismissing the appeal on this ground would be, of course, to leave in effect the original order of April 28, 1955, from which no appeal could now be taken because of expiration of the time for appeal.

Under CR 59.05, a motion to alter or amend a judgment must be served not later than 10 days after entry of the judgment. It has been held that where a judgment of dismissal has been entered, the judgment must be reopened before an amendment to the complaint can be allowed, and the motion to reopen must be served within 10 days. Republic of China v. National City Bank of New York, D.C., 14 F.R.D. 186.

■ Although CR 60.02 provides authority for reopening or vacating a judgment after 10 days, this Rule is not available for correction of an error or mistake of law by the court. Jusino v. Moralis & Tio, 1 Cir., 139 F.2d 946. There was no allegation, in the motion of the plaintiffs in

this case, of mistake, inadvertence, surprise or excusable neglect. In fact, it would have been difficult to sustain such an allegation, since notice of the proposed judgment of dismissal, showing that the dismissal would be with prejudice, was served on the plaintiffs several months before the judgment was entered. The ground stated in the motion to reopen, and recited by the court in its nunc pro tunc order, was that it was "no longer equitable" for the judgment to stand. Although Clause No. 5 of CR 60.02 uses this phrase, it is clear that the Rule contemplates only relief from *prospective application* of a judgment, where there has been some change of circumstances subsequent to entry of the judgment. See Clay, CR 60.02, Comment 6.

■■ The court had no power to amend the judgment by nunc pro tunc order. Blankenship v. Royalty Holding Co., 10 Cir., 202 F.2d 77. A nunc pro tunc order cannot be used for the purpose of correcting a judicial error or to make the record speak what it did not speak but ought to have spoken. Bowling v. Evans, 266 Ky. 242, 98 S.W.2d 916. Benton v. King, 199 Ky. 307, 250 S.W. 1002.

■ The appellants maintain that authority to permit the amended complaints to be filed is found in CR 15.01. We think it is obvious that this Rule applies only to amendments offered during the pendency of the action. Certainly it was not intended to apply in situations where, by the lapse of a period of 10 days after judgment, the court has lost control of the judgment. See Kelly v. Delaware River Joint Commission, D.C., 10 F.R.D. 455, affirmed, 3 Cir., 187 F.2d 93.

■ It is our opinion that the court had no jurisdiction to reopen or amend the judgment of April 28, 1955, or to permit the amended complaints to be filed. Accordingly the judgment of June 24, 1955, was void and the appeal must be dismissed.

Although we are dismissing the appeal, we think it is proper to say that if the case was before us on the merits we would affirm the judgment. For this purpose we will accept the appellants' contention that the Missouri law applies. See Aetna Freight Lines, Inc., v. R. C. Tway Co., Ky., 298 S.W.2d 293.

■ Under the Missouri cases dealing with the question of the tort liability of a manufacturer of an article, to an ultimate purchaser or user with whom the manufacturer has no contractual relation, for damages resulting from a defect in the article, it appears that the article, in its defective condition, must be "imminently, intrinsically, inherently, or essentially dangerous". Tayer v. York Ice Machinery Corp., 342 Mo. 912, 119 S.W.2d 240, 243. In those cases where the Missouri courts have held liability, the product has been one which, by reason of its defective condition and intended use, was *reasonably certain* to cause injury. See McCormick v. Lowe & Campbell Athletic Co., 235 Mo.App. 612, 144 S.W.2d 866; Zesch v. Abrasive Co. of Philadelphia, 353 Mo. 558, 183 S.W.2d 140, 156 A.L.R. 469. The same concept is embodied in Sec. 395 of the Restatement of the Law of Torts, in the requirement as an element of liability, that the product be one which the manufacturer should recognize as involving an "unreasonable risk" of bodily harm when used for a purpose for which it is manufactured.

■ It is our opinion that the ordinary risks of personal injury involved in a baseball or softball game, from the breaking of even a properly made bat, are such that a defective bat cannot be said to materially increase the risk, or, as expressed in the Restatement, to create an "unreasonable risk". It is common knowledge that bats frequently break, and we think it is immaterial that a properly made bat ordinarily will splinter with the grain while one made of defective wood may break across the grain. The risk of injury is not materially increased by the defect.

It is ordered that the appeal be dismissed.