**Willie R. VINCENT, Appellant,**

v.

**CITY OF BOWLING GREEN, Kentucky,**

**Appellee.**

Court of Appeals of Kentucky.

Sept. 22, 1961.

Harold D. Ricketts, Bowling Green, for appellant.

G. D. Milliken, Jr., Bowling Green, for appellee.

MONTGOMERY, Judge.

Willie R. Vincent appeals from a judgment in favor of the City of Bowling Green holding valid the initial annexation ordinance of the territory in which he lived. He contends that the ordinance is invalid for lack of sufficient publication. The City urges that there was a substantial compliance with the statutory requirement.

In order to annex certain adjacent territory, the appellee enacted an ordinance proposing the annexation. See KRS 81.-140, 81.100, 81.110. Appellee is a city of the second class. KRS 81.010(2). It is agreed that the ordinance proposing the annexation was published one time only.

Appellant contends that it should have been published ten times as required by KRS 81.100, or three times under KRS 424.130(1) (b). Appellee argues that the single publication is sufficient under KRS 84.100(6). The lower court held that one publication was sufficient.

Chapter 42, Acts of 1958, now Kentucky Revised Statutes Chapter 424, entitled "Legal Notices," Section 424.110 et seq., in effect prior to June 16, 1960, was enacted in order to eliminate the confusion arising from the various statutes providing for the publication of various legal notices. Such legislative intent is indicated by the following quotations from the Act, to-wit:

"Times And Periods Of Publication

"Sec. 3. (1) Notwithstanding any provision of existing law to the contrary, the times and periods of publications of advertisements required by law to be made in a newspaper shall be as follows:

\* \* \* \* \* \*

"Repeals

"Sec. 29. This Act is intended to standardize and make uniform the law relating to legal advertisements and to that end it shall be deemed to supersede all other statutes and parts of statutes containing specialized provisions for particular advertisements, to the extent that such provisions are in conflict with this Act. KRS 24.020, 57.220, 61.290, 61.295, 396.005, 424.010, 424.020, 424.-030, and 424.040 are specifically repealed."

In Lyon v. County of Warren, Ky., 325 S.W.2d 302, 304, it was said:

" \* \* \* the terms and conditions prescribed by the 1958 Act, KRS 424.-110 et seq., superseded and effectually

repealed all other conflicting statutory provisions."

In KRS 424.130 a distinction is made between an advertisement of a completed act and one for the purpose of informing the public or the members of any class of persons that on or before a certain day they may or shall remonstrate or protest. The statute in effect prior to June 16, 1960, controls, since the questioned ordinance was passed on March 21, 1960. Subsection (1) (a) provided for publication one time for a completed act. Subsection (1) (b) provided for publication three times when a remonstrance is to be made, as, for instance, a protest against annexation under KRS 81.140 and 81.110, the procedure with which this appeal is concerned. KRS 424.-110 et seq. were intended to and did clarify such areas of confusion as the conflict in the number of times of publication required by KRS 81.100 and 84.100(6).

 Under the annexation procedure, the residents or freeholders of the territory proposed to be annexed are permitted to protest within thirty days after the enactment of the proposing ordinance. The ordinance questioned here falls within this category and is controlled by KRS 424.130 (1) (b) as to the number of times of publication. It should have been published three times, and because of such failure it is invalid. KRS 81.100 and 84.100(6) were repealed in so far as they were in conflict with KRS 424.130(1) (b) regarding the number of times the proposing ordinance in the annexation process of a second class city should be published. Note should be made of the change by amendment in KRS 424.130(1) (b), effective June 16, 1960.

 Appellee urges that there was a substantial compliance with the statutory provisions since the public was kept informed step by step through the media of news items on the first page of the daily newspaper. In answer to a similar contention, it was held in Ashcraft v. Estill County, Ky., 290 S.W.2d 31, that news articles can-

not be substituted for notices required to be published by law.

 In the original complaint, appellant attacked the validity of the proposing ordinance, relying on KRS 81.100. Appellee complains that appellant's amended complaint should have been stricken under CR 15.01 after the court had rendered a memorandum opinion denying a motion for an injunction. By the amended complaint invalidity of the ordinance was urged for lack of sufficient publication under KRS 424.130(1) (b).

Appellee contends that its motion to dismiss the complaint filed before the amendment was a responsive pleading within the meaning of CR 15.01. Such motion does. not fall within this category as mentioned in CR 7.01, Pleadings. See Clay, CR 15.01, Comment 2; Kelly v. Delaware River Joint Commission, D.C., 10 F.R.D. 455, affirmed 3 Cir., 187 F.2d 93. The amended complaint was properly filed.

Judgment reversed.