**TUBE TURNS DIVISION OF CHEME-TRON CORP., Appellant,**

v.

**PATTERSON COMPANY, INC., Appellee.**

Court of Appeals of Kentucky.

Feb. 3, 1978.

Lewis G. Benham, Louisville, for appellant.

Robert J. Beale, Louisville, for appellee.

Before COOPER, HOWARD and PARK, JJ.

PARK, Judge.

The sole question presented by this appeal is whether a Kentucky court can exercise personal jurisdiction over the appellee, Patterson Company, Inc., under the "long arm" statute, KRS 454.210. The Jefferson Circuit Court quashed service of process upon Patterson on the ground that Patterson was not "transacting any business" in Kentucky within the meaning of KRS 454.-210(2)(a)(1).

This litigation arose out of a sale of bellows expansion joints by the appellant, Tube Turns, to Patterson. Suit was filed to recover a balance of $9,608.80 alleged to be due in payment for the goods. Patterson is a Colorado corporation. The initial contact with Patterson was made in Colorado by Tube Turns's Colorado representative. Subsequent negotiations were conducted by mail and telephone between Patterson in Colorado and Tube Turns's Louisville office. Patterson's order was accepted by Tube Turns in Louisville.

Patterson has no certificate of authority to transact business in Kentucky. It has never maintained an office, a post office box, or telephone directory listing for the purpose of transacting business in Kentucky. Patterson has no employees or agents in Kentucky, and it owns no proper-

ty in Kentucky. Its employees and agents never physically entered Kentucky for the purpose of negotiating contracts or soliciting any business.

The record does not indicate that the bellows expansion joints were specially manufactured for Patterson. In fact, the record does not even indicate that the goods were manufactured in Kentucky.

In *Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1180–81 (6th Cir. 1975), the federal court of appeals held that KRS 454.210(2)(a)(1) was intended to extend personal jurisdiction by Kentucky over nonresidents to the limits of the due process clause. Under the principles of *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), the due process clause dictates that Patterson must have had certain minimum contacts with Kentucky before it can be required to defend the action which was brought against it in the Jefferson Circuit Court. In the absence of such minimum contacts, maintenance of the action against Patterson would offend "traditional notions of fair play and substantial justice."

In *McGee v. International Life Insurance Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), the Supreme Court held that California could exercise personal jurisdiction over a nonresident insurance company based upon a single policy insuring a California resident. The court held that California had a manifest interest in providing effective means of redress for its residents when foreign insurers refused to pay policy claims. However, due process is not satisfied merely because the forum state has an interest in the resolution of the controversy or because it may be the most convenient location for litigation. In *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), the Supreme Court held that it was essential to the exercise of personal jurisdiction over a nonresident that the defendant purposely had exercised the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its law.

In *Southern Machine Company v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968), the court set forth three criteria for determining the outer limits of personal jurisdiction based upon a single act:

. . . First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

Applying these criteria to the facts of this case, we conclude that it would be unreasonable for Kentucky to exercise jurisdiction over Patterson solely on the basis of negotiations by telephone and mail which culminated in the acceptance of a single order in Louisville.

Courts have frequently distinguished between nonresident sellers and nonresident buyers in applying "long arm" statutes. See *In-Flight Devices Corp. v. VanDusen Air, Inc.*, 466 F.2d 220, 232 (6th Cir. 1972). This is particularly true when the nonresident buyer did no more than place an order within the forum state, accepting the seller's terms and price as stated in the product advertising. Unlike the nonresident seller who seeks to distribute its products within the forum state, the nonresident buyer enjoys no particular privilege or protection in purchasing products from a resident seller. *See Fourth Northwestern Bank of Minneapolis v. Hilson Industries, Inc.*, 264 Minn. 110, 117 N.W.2d 732 (1962).

The record in this case does not indicate that the goods were specially manufactured or fabricated. Patterson's order with Tube Turns was not a part of a series of transactions, and the record does not indicate that it was a particularly large order. There was no inspection of production facilities following substantial negotiations. The presence of one or more of such factors can justify exercising jurisdiction over a nonres-

ident buyer. See *In-Flight Devices Corp. v. VanDusen Air, Inc., supra; Avdel Corp. v. Mecure*, 58 N.J. 264, 277 A.2d 207 (1971); *State ex rel. White Lumber Sales v. Sulmonetti*, 252 Or. 121, 448 P.2d 571 (1968).

In this case, Patterson placed an order as a result of solicitations made by Tube Turns's representatives in Colorado. In the absence of proof that Patterson should have anticipated that its order with Tube Turns could have a substantial impact on commerce within Kentucky, it would be unreasonable and a denial of due process to require Patterson to defend this action in the Kentucky courts. The circuit court did not err in quashing the attempted service of process upon Patterson under KRS 454.210.

The judgment of the circuit court is affirmed.

All concur.