FIRST NATIONAL BANK OF
LOUISVILLE, Appellant,

v.

SHORE TIRE CO., INC., Appellee.

and

FIRST NATIONAL BANK OF
LOUISVILLE, Appellant,

v.

JOHN A. VAL TIRES, INC., Appellee.

and

FIRST NATIONAL BANK OF
LOUISVILLE, Appellant,

v.

DICKSON, PARKER SALES
SERVICE, Appellee.

Court of Appeals of Kentucky.

Oct. 1, 1982.

Discretionary Review Denied
June 29, 1983.

Michael R. Tilley, Morgan & Pottinger, Louisville, for appellant.

Stephen R. Schmidt, Brown, Todd & Heyburn, Stuart L. Adams, Jr., Carroll, Chauvin, Miller & Conliffe, Steven J. Kriegshaber, Louisville, for appellees.

Before COOPER, HOWARD and VANCE, JJ.

VANCE, Judge.

These three cases present the same question of law and we have considered them together and dispose of them with this opinion. The question in each case is whether the trial court properly determined that it did not have jurisdiction of appellant's complaint under the provisions of Kentucky's long arm statute. KRS 454.210. That statute permits the exercise of jurisdiction over a person "who transacts any business in this Commonwealth."

The appellant is the owner of the accounts receivable of I.R.I., a Delaware corporation, with its principal place of business and manufacturing plant in Jefferson County, Kentucky. I.R.I. was engaged in the manufacture and sale of motor vehicle tires. Each of the appellees is a dealer in motor vehicle tires and over an extended period of time purchased tires from I.R.I.

Each of the appellees is a non-resident of Kentucky without a certificate to do business in this state, none of them has ever maintained an office, a post office box or a telephone directory for the purpose of transacting business in Kentucky. None of them has employees or agents in this state nor did any of their agents enter this state for the purpose of negotiating contracts or soliciting business in this state. There is no evidence that the tires were specially manufactured for appellees or that there was any inspection by appellees of appellant's manufacturing facilities in Kentucky.

The agents of I.R.I. solicited orders from each of the appellees in their home state.

An affidavit for appellant indicates that some purchase orders were executed by telephone although it is not clear whether the alleged telephone orders were placed with an agent in appellees' home state or were placed directly with I.R.I. at its place of business in Kentucky. Each of the appellees contacted the offices of I.R.I. in Kentucky concerning credits for defective merchandise, etc.

The orders were accepted at the I.R.I. plant in Kentucky and the tires shipped to appellees. The business relationship between I.R.I. and each of the appellees consisted of a series of transactions over a period of more than one year and with respect to each appellee involved a total dollar value as follows:

| | |
|---|---|
| John A. Val Tires, Inc. | $12,962.69 |
| Shore Tire Co., Inc. | $394,702.13 |
| Dickson Parker Sales Service | $47,319.17 |

The statute in Kentucky authorizes Kentucky courts to reach to the full constitutional limits of due process in entertaining jurisdiction over non-resident defendants. *Poyner v. Erma Werke GMBH,* 618 F.2d 1186 (6th Cir.1980).

In *International Shoe Co. v. Washington Case,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) the United States Supreme Court expanded the concept of jurisdiction over non-resident corporations from a "doing business," "presence" or "consent" theory and adopted a "minimum contact" test. The contacts must be of such significance that exercise of jurisdiction over the non-resident would not offend traditional notions of fair play and substantial justice. The acts of the non-resident in the forum state or consequences caused there must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the non-resident reasonable. *Southern Machine Company, Inc. v. Mahasco Industries, Inc.,* 401 F.2d 374 (6th Cir.1968).

The decisions following *International Shoe, supra,* seem to involve a balancing of the equities in determining the fairness of the exercise of jurisdiction. A single trans-

action has been held sufficient to invoke jurisdiction where the plaintiff-purchaser is a resident of the forum state and the defendant-seller is a non-resident. *McGee v. International Life Insurance Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957).

A distinction has been drawn between purchasers who attempt to assert jurisdiction against non-resident sellers and sellers who attempt to assert jurisdiction against non-resident purchasers. The distinction is that on the one hand the non-resident seller is actively promoting the sales of its products in the forum state and invoking the benefits and protection of its laws while the non-resident purchaser occupies a passive role and usually enjoys no particular privilege or protection in purchasing products from a resident seller. *In-Flight Devices Corp. v. Van Dusen Air, Inc.,* 466 F.2d 220 (6th Cir.1972); *Tube Turns Division of Chemetron Corp. v. Patterson Company, Inc.,* Ky.App., 562 S.W.2d 99 (1978). Thus, in *Tube Turns,* a single order placed with a resident seller by a non-resident purchaser was held insufficient contact to enable the Kentucky court to exercise jurisdiction. Stress was placed upon the fact, however, that the transaction involved was an isolated transaction and the opinion indicated the result could have been different if the case had involved a series of transactions.

The only apparent factual difference between *Tube Turns* and this case is that here we have a continuing business relationship between I.R.I. and each of the appellees which has involved a number of transactions over an extended period of time.

We have no difficulty in concluding that the placing of an order by a non-resident with a Kentucky resident constitutes the "transaction of any business" in this state. In the balancing of equities the trial court has determined as a matter of law, however, that there have not been sufficient minimum contacts by the appellees with this state to make the exercise of jurisdiction over them reasonable.

The trial court relied upon *Tube Turns Division of Chemetron Corporation v. Pat-*

*terson Company, Inc., supra,* in that these cases involve a sale by a resident seller to a non-resident purchaser and also upon a belief expressed in the opinions that a finding for appellant would subject every out-of-state purchaser of goods manufactured and sold in this Commonwealth to the jurisdiction of Kentucky courts.

These cases do not involve an isolated transaction as was the case in *Tube Turns, supra.* The factual situation here is also altogether different from that of an individual who makes occasional purchases from a mail order supplier. Here, we have an on-going business relationship between business entities doing a considerable volume of business. As far as this record shows the action is for the collection of a delinquent account. The affidavits filed by appellees in support of their motions to dismiss do not disclose what defense exists to the merits of the claim. The affidavit offered by appellee Shore Tires Co., Inc. contains a conclusion that witnesses necessary for the defense reside in Kansas but does not contain sufficient facts in that regard to justify a conclusion that it would be unfair to require defense of the action in Kentucky because particular witnesses whose testimony is material to the defense reside in Kansas.

It may be that the type of defense to be asserted and the residence of the witnesses needed to establish the defense would be a significant factor to be considered in the balancing of the equities but such a consideration was not the basis of the decision in these cases.

When a resident and a non-resident business entity engage in interstate business transactions with each other in which the non-resident places orders with the resident and the resident manufactures the product and ships it to the non-resident, it is our view that each of them have transacted business in both states. The fact that this relationship has continued over an extended period of time and has involved substantial amounts of money will, in itself, satisfy the minimum contacts test established by *International Shoe Co. v. Washington Case, supra,* unless there is a showing of other factors which would affect the balancing of equities and make the exercise of jurisdiction over the non-resident fundamentally unfair. There is no showing of such other factors in this record.

There seems to be no question here that each of the appellees intentionally and purposely availed themselves of the opportunity and privilege of placing business orders in Kentucky and thereby causing a consequence in this state; the cause of action here arises out of the placing of those orders and the extended business relationship and considerable volume of business transacted provides a substantial enough connection with this state to make the exercise of jurisdiction reasonable under these circumstances.

We conclude, therefore, that appellant has made a prima facie showing of jurisdiction which was not successfully rebutted. The motion to dismiss should have been overruled.

The judgment in each case is reversed for further proceedings in conformity with this opinion.

All concur.