**Harold Dale COX, Appellant,**

v.

**Shannon Kay COX (Now Esslinger), Appellee.**

**No. 2003–SC–0706–DG.**

Supreme Court of Kentucky.

Aug. 25, 2005.

Paul V. Hibberd, Pregliasco Straw-Boone, Louisville, Counsel for Appellant.

Adam Clayton Miller, Danville, Counsel for Appellee.

GRAVES, Justice.

This case involves the registration and enforceability of a Texas judgment as a

"foreign judgment" under the Uniform Enforcement of Foreign Judgments Act (UEFJA), KRS 426.950–426.975. Appellant, Harold Dale Cox, and Appellee, Shannon Cox Esslinger, married in Texas in July 1998. The parties subsequently moved to Danville, Kentucky, where they purchased property. Appellee remained in Kentucky until July 15, 2000, when she relocated to Texas. On January 19, 2001, Appellee filed an original Petition for Divorce in the District Court of Smith County, Texas.

Appellant received via United States mail a Texas Citation for Personal Service Decree, and was personally served with notice in Danville by a Boyle County Deputy Sheriff. Appellant did not respond to the Petition for Divorce. The District Court of Smith County, Texas, entered a Final Decree of Divorce on October 2, 2001. The Decree divided the marital estate and returned to the parties their non-marital assets. The Decree also granted an equitable lien in favor of Appellee in the amount of $87,079.72. The lien was assessed against the real and personal property held by Appellant in Boyle County, Kentucky.

On December 7, 2001, Appellee filed a Notice and Affidavit of Foreign Judgment in the Boyle Circuit Court. In response, Appellant filed a Motion to Dismiss, Alter, Amend or Vacate. The trial court denied Appellant's motion. Appellee then filed a Motion for Enforcement of Foreign Judgment, which the trial court granted in an order entered on June 20, 2002. The Court of Appeals affirmed the trial court's order. We granted review.

## I.

■ Appellant argues that the trial court abused its discretion by authenticating a Texas judgment imposing a financial burden on him when the Texas court lacked *in personam* jurisdiction to do so.[1] Appellant claims that *in personam* jurisdiction could have been established by the State of Texas only if he established minimum contacts with Texas such that the entry of a judgment did not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. State of Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

■ Appellee argues that the Texas judgment should be afforded full faith and credit under the UEFJA. Appellee also argues that Appellant should have raised and preserved the jurisdiction issue before the Texas trial court, and by failing to do so, he purposefully availed himself to the jurisdiction of that court.

The case requires us to review some fundamental principles of civil procedure regarding *in personam* jurisdiction. In *Pennoyer v. Neff,* 95 U.S. 714, 24 L.Ed. 565 (1877), the United States Supreme Court held that, under the Due Process Clause, a state cannot assert *in personam* jurisdiction over a defendant unless that defendant was personally served with process in that state, or voluntarily appeared before the court. *Id.* at 733.

■ *International Shoe Co., supra,* expanded the personal jurisdiction reach of courts beyond the rule enunciated in *Pennoyer.* The Court held that even when a defendant is not served within the forum state, due process is satisfied when the state subjects a non-resident defendant to

---

1. Although the Texas court does not need personal jurisdiction over Appellant to render the divorce decree alone, it must have such jurisdiction to adjudicate rights and obligations that are incidents of marriage. *See Estin v. Estin,* 334 U.S. 541, 68 S.Ct. 1213, 92 L.Ed. 1561 (1948).

*in personam* jurisdiction so long as the defendant has certain minimum contacts with the state, and the assertion of jurisdiction does not offend traditional notions of fair play and substantial justice. *Id.* at 316, 66 S.Ct. 154. The Court discussed several factors to be considered in evaluating whether minimum contacts exist. These factors include: the quantity and quality of the activities; whether the activities of the defendant were continuous and systematic; whether the defendant availed himself of the benefits and protections of the laws of the forum state; and whether the defendant's activities in the state gave rise to the cause of action. *Wilson v. Case,* 85 S.W.3d 589, 592–93 (Ky.2002)(citing *International Shoe Co., supra* ).

Since *International Shoe Co., supra,* the United States Supreme Court has applied and elaborated upon its test in a wide range of cases. *See Kulko v. Superior Court of California,* 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978)(in a child custody dispute, a state could not exercise personal jurisdiction over a nonresident merely because he acquiesced in his daughter's desire to live with her mother in the forum state); *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) (due process analysis of personal jurisdiction includes defendant's ability to foresee being hauled into court in a forum state); *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) ("Once it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.' ")

■ In *Wilson, supra,* this Court applied a three-part personal jurisdiction test from the Sixth Circuit case *Southern Ma-* *chine Co. v. Mohasco Industries, Inc.,* 401 F.2d 374, 381 (6th Cir.1968). This test has previously been used by the Court of Appeals on numerous occasions. *See e.g., Tube Turns Division of Chemetron Corp. v. Patterson Co., Inc.,* 562 S.W.2d 99 (Ky. App.1978). We will again use this three-part analysis, as it provides a straightforward method of applying a vast body of case law regarding personal jurisdiction. The test follows:

> The first prong of the test asks whether the defendant purposefully availed himself of the privilege of acting within the forum state or causing a consequence in the forum state. The second prong considers whether the cause of action arises from the alleged in-state activities. The final prong requires such connections to the state as to make jurisdiction reasonable.

*Wilson, supra,* at 593. In order to find jurisdiction, all three prongs of this test should be satisfied. *Id.*

We find that none of the three prongs of the test were satisfied, and therefore, we hold that the Texas court did not have personal jurisdiction over Appellant. Although the parties met and married in Texas, this contact alone is not sufficient for the Texas court to establish personal jurisdiction over Appellant. The parties established their marital domicile in Kentucky immediately after their marriage. There is no evidence that Appellant had any contact with the state of Texas after his move to Kentucky, and the lien at issue was placed upon Appellant's property in Kentucky. In sum, Appellant did not have minimum contacts with the state of Texas.

■ We also reject Appellee's argument that Appellant waived his right to contest Texas jurisdiction by failing to raise this issue before the Texas court. Because the Texas court lacked personal jurisdiction over Appellant, it is irrelevant to us wheth-

er or not Appellant preserved this issue before the Texas court. Even if the state of Texas has a waiver provision regarding jurisdiction, this Court would not be bound by such a provision.

Because the Texas court was without jurisdiction to impose a lien on property located in Kentucky, its judgment regarding the lien was not a "foreign judgment" under the UEFJA, and is therefore not entitled to full faith and credit. The orders of the Boyle Circuit Court are reversed, and the registration and enforceability of the Texas Decree of Divorce is vacated to the extent that it imposes personal obligations against Appellant.

This matter is remanded to the Boyle Circuit Court for entry of orders consistent with this opinion.

LAMBERT, C.J., concurs in result only.

COOPER, GRAVES, JOHNSTONE, ROACH, SCOTT and WINTERSHEIMER, J.J., concur.