RENDERED: AUGUST 12, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0898-ME

ALISON CLAY, O.B.O. A MINOR        APPELLANT
CHILD, J.C.

<table>
<tr><td></td><td>APPEAL FROM BOONE FAMILY COURT</td></tr>
<tr><td>v.</td><td>HONORABLE JENNIFER R. DUSING, JUDGE<br>ACTION NO. 21-D-00131-001</td></tr>
</table>

KENNETH KIRSCH        APPELLEE

AND

NO. 2021-CA-0899-ME

ALISON CLAY, O.B.O. MINOR        APPELLANT
CHILD, J.C.

<table>
<tr><td></td><td>APPEAL FROM BOONE FAMILY COURT</td></tr>
<tr><td>v.</td><td>HONORABLE JENNIFER R. DUSING, JUDGE<br>ACTION NO. 21-D-00132-001</td></tr>
</table>

A.J.K., A MINOR CHILD        APPELLEE

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; CALDWELL AND K. THOMPSON, JUDGES.

THOMPSON, K., JUDGE:  Alison Clay (mother) appeals on behalf of her minor child, J.C. (child), from an order of the Boone Family Court which dismissed domestic violence petitions (the petitions) mother filed to protect child from Kenneth Kirsch (father) and minor child A.J.K., who is J.C.'s half-sibling (sibling). We affirm as we agree that Kentucky was an inappropriate forum and lacked personal jurisdiction over father and sibling.

On May 7, 2021, mother filed the petitions in the family court on behalf of child, seeking protection against father and sibling[1] through an emergency protective order (EPO) and domestic violence order (DVO).  The statements contained in the petitions alleged physical and sexual abuse dating back to at least 2018.

On the petition concerning father, mother indicated that the parties were involved in a custody/visitation case in Butler County, Ohio.  All the alleged

---

[1] Sibling was thirteen years old when the petition was filed.

incidents of abuse also occurred in Butler County, Ohio.[2]  The family court immediately granted an emergency protective order (EPO) and scheduled a hearing on the petitions.

The hearing on the petitions was continued several times and the EPO remained in effect.  Father and the guardian *ad litem* for A.J.K. filed various motions requesting relief, including that the family court:  (1) communicate with the magistrate of the Ohio court who presided over the custody and visitation action; and (2) dismiss the petitions for lack of personal and subject matter jurisdiction.

The family court conducted a status hearing on July 19, 2021.  Mother objected to any communication between the family court and the Ohio court arguing that she did not request custody in the domestic violence petition and the only issue before the family court was whether an act of domestic violence had occurred.

Father explained to the family court that the parties were also parties in a custody/visitation trial in Ohio where the exact allegations contained in the petition against him were recently addressed.  Father accused mother of forum shopping.

---

[2] Mother had previously lived in Butler County, Ohio, with child.  The record before us is unclear regarding when mother moved with child to Boone County, Kentucky.

The family court pointed out that if it entered a DVO it would be, practically speaking, granting custody of child to mother. The family court indicated it would contact the Ohio magistrate and the telephone call would be on the record. The family court denied mother's request to listen to the live telephone call.

The telephone call between the family court and the Ohio magistrate appears in the record before us. The magistrate explained that, while the juvenile division of the Court of Common Pleas in Ohio had jurisdiction over the custody matter, it would not have jurisdiction over both domestic violence petitions if mother chose to file them there. The magistrate explained it did not have jurisdiction over an adult in a domestic violence matter, so if mother wanted to file a petition against father in Ohio, it would need to be filed before a separate division in the Court of Common Pleas. However, the juvenile division would be the proper venue if mother wished to file a domestic violence petition against sibling.

The magistrate confirmed awareness of the EPO issued in Kentucky, as it was an issue raised at the last hearing. The magistrate informed the family court that the matter had been before him four times already even though child was only seven years old. The magistrate also informed the family court that mother had brought the same allegations of physical and sexual abuse in three counties in

Ohio[3] before obtaining an EPO in Kentucky, and the allegations started when child was an infant.

The parties appeared before the family court again on July 26, 2021, for a status conference. The family court indicated to the parties that the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) applied, and the family court lacked jurisdiction over father and sibling. Rather than immediately dismissing the EPO, the family court stated that the EPO would instead expire on August 10, 2021, to give mother time to file petitions against father and sibling in the proper Ohio courts. The family court entered a written order on the same date memorializing its decision.

However, rather than file any equivalent domestic violence petitions in Ohio, mother appealed the family court's order. On the day the EPO expired, mother filed a motion for emergency relief in this Court, seeking to abate the family court's order of July 26, 2021. This Court denied mother's motion and the matter was passed to this panel for adjudication on the merits.[4]

---

[3] The record before us indicates these allegations were either dismissed or unsubstantiated.

[4] We note that mother filed a motion to strike the briefs of father and sibling or, alternatively, to strike portions of the briefs with references to the proceedings in Ohio that were not properly admitted into evidence by the family court. We grant mother's motion for alternative relief by separate order; however, we note that much of what father and sibling presented in their briefs to this Court was previously submitted in their responses to mother's motion for emergency relief. Mother did not file a motion to strike offending portions of these responses.

Mother makes multiple arguments on appeal. Mother argues her statutory and constitutional rights were violated because the family court failed to conduct a hearing on the petitions. Mother also argues that, because she did not request custody of child in the petition against father, the UCCJEA is inapplicable and was misconstrued by the family court. Finally, mother argues the family court did have personal jurisdiction over father and sibling and, accordingly, had the authority to enter a limited order to protect child.

Mother's arguments center around two general inquiries: (1) whether the UCCJEA applies; and (2) whether the family court had jurisdiction over father and sibling.

Turning to mother's first argument, the UCCJEA at Kentucky Revised Statutes (KRS) 403.800(4) defines a "child custody proceeding" as including "protection from domestic violence[.]" Although mother urges this Court to view the petition against father in a vacuum with no consideration for the custody proceedings in Ohio, we decline to do so.

Mother argues the purpose of the domestic violence statutes is to "[a]llow victims to obtain effective, short-term protection against further wrongful conduct in order that their lives may be as secure and as uninterrupted as possible." KRS 403.715(1). That is precisely what the EPOs allowed as they were in place from May 7, 2021, until August 10, 2021, to permit mother to file the appropriate

-6-

petitions in Ohio, where the events were alleged to have occurred, and where

ongoing custody proceedings were taking place. However, any order entered by

the family court was still subject to the UCCJEA.

KRS 403.828 allows Kentucky to exercise temporary emergency

jurisdiction and states, in relevant part:

> (1) A court of this state has temporary emergency
> jurisdiction if the child is present in this state and the
> child has been abandoned or it is necessary in an
> emergency to protect the child because the child, or a
> sibling or parent of the child, is subjected to or threatened
> with mistreatment or abuse.
>
> . . . .
>
> (3) If there is a previous child custody determination that
> is entitled to be enforced under KRS 403.800 to 403.880,
> or a child custody proceeding has been commenced in a
> court of a state having jurisdiction under KRS 403.822,
> 403.824, and 403.826, any order issued by a court of this
> state under this section shall specify in the order a period
> that the court considers adequate to allow the person
> seeking an order to obtain an order from the state having
> jurisdiction under KRS 403.822, 403.824, and 403.826.
> The order issued in this state remains in effect until an
> order is obtained from the other state within the period
> specified or the period expires.

This is precisely what the family court did in issuing the EPO and

setting its expiration on a date certain. The family court, in consideration of the

UCCJEA, acknowledged *any* order it entered would be temporary until such time

as Ohio could further address the issue. The family court's temporary action was appropriate.

We find mother's assertion that the family court should have conducted a hearing because she was not seeking temporary custody of child in the petition against father and, therefore, the UCCJEA was inapplicable, to be unpersuasive. Mother's reliance on *Bissell v. Baumgardner*, 236 S.W.3d 24 (Ky. App. 2007), in support of her argument is misplaced.

In *Bissell*, the mother of the minor child left Utah with the child to visit family in Kentucky and, shortly thereafter, told the father they would not be returning. The father then filed for divorce in Utah. At some point thereafter, the father traveled to Kentucky to visit the child and an incident of domestic violence occurred between the parents. The circuit court granted an EPO and, after a hearing, entered a DVO. The DVO protected only the mother, not the minor child, although the circuit court did award temporary custody of the child to the mother, pending any orders from the Utah court. This Court held the UCCJEA was implicated when the circuit court granted temporary custody to the mother pursuant to its temporary emergency jurisdiction under the UCCJEA and Utah had superior jurisdiction to make the final custody determination. *Id.* at 30.

Mother argues this Court's holding in *Bissell* means "the UCCJEA does not apply to DVO cases that lack a request for custody." We disagree.

*Bissell* held "the DVO should clearly reflect that the temporary custody award was pursuant to the court's temporary emergency jurisdiction and was without prejudice to any custody proceeding in an appropriate jurisdiction." *Bissell*, 236 S.W.3d at 27. *Bissell* did *not* hold that a party may bypass the UCCJEA by not specifically requesting temporary custody of the minor child in the domestic violence petition. We agree with the family court that the DVO requested by mother would have, for all practical purposes, been the equivalent of granting custody of child to mother, even if no legal custody determination was made. We decline to extend our holding in *Bissell* to allow parents to circumvent the UCCJEA by deciding not to formally pursue custody.

Importantly, the record before us shows mother's counsel admitted the same issues presented in the petition against father were being litigated in the custody proceedings in Ohio. At the status conference on July 19, 2021, when the family court asked mother's counsel to respond to father's accusation of forum shopping, counsel replied that KRS 403.725 instructs that a domestic violence petition should be filed in the county in which the victim resides, but also stated the parties "have been fighting about these very same issues for three years and other issues" in the Ohio court. Counsel went on to ask, "what is [mother's] option? To wait three more years for it to be heard, for it to finish, or to bring it in the state in which she resides?"

Clearly, mother was displeased with the custody proceedings in Ohio. This is further evidenced by the fact that mother did not attempt to obtain a DVO in Ohio prior to the expiration of the EPO. However, *even if* the family court had conducted a hearing on the domestic violence petitions and granted the DVO, the order would have been temporary in nature pursuant to KRS 403.828. The EPO achieved the same outcome in that it provided temporary protection to child while giving deference to the authority of the Ohio court.

We now turn to whether the family court had personal jurisdiction over father and sibling. We agree with the family court that it did not. KRS 454.210(2) is known as Kentucky's long-arm statute and governs Kentucky's personal jurisdiction over non-residents. This Court has previously outlined a three-pronged test to determine personal jurisdiction:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Tube Turns Division of Chemetron Corp. v. Patterson Co., Inc.*, 562 S.W.2d 99, 100 (Ky. App. 1978).

Neither father nor sibling have ever resided in Kentucky. None of the allegations contained in the petitions were said to have occurred in Kentucky.

Rather, all alleged events occurred in Butler County, Ohio. Further, neither father nor sibling have sufficient connections with Kentucky to make personal jurisdiction reasonable.

We are also unpersuaded by mother's argument that father and sibling waived the defense of lack of personal jurisdiction by failing to raise it in their first responsive pleading. Neither father nor sibling filed a responsive pleading pursuant to Kentucky Rules of Civil Procedure (CR) 15.01. Both father and sibling filed various motions, but a motion is not a pleading per CR 7.01. *See also Vincent v. City of Bowling Green*, 349 S.W.2d 694, 696 (Ky. 1961). Therefore, we agree with the family court that neither father nor sibling waived a defense of lack of personal jurisdiction.

Accordingly, the order of the Boone Family Court dismissing the domestic violence petitions is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Tasha K. Schaffner
Crestview Hills, Kentucky

BRIEF FOR APPELLEE KENNETH KIRSCH, JR:

Kyle M. Rapier
Hamilton, Ohio

BRIEF FOR APPELLEE A.J.K.:

Erin M. Melcher Beam
Alexandria, Kentucky