297 Pa. Superior Ct. 25 (1981)
443 A.2d 280
UNITED STATES FIDELITY AND GUARANTY COMPANY
v.
UNITED FARM BUREAU MUTUAL INSURANCE COMPANY, a mutual insurance company, Loran Palmer, Brenda Palmer, Regina Palmer and Ryan Palmer, by their parents and natural guardians, Loran and Brenda Palmer, and Harrington & Schweers, P.A.
Appeal of UNITED FARM BUREAU MUTUAL INSURANCE COMPANY.
Superior Court of Pennsylvania.
Argued March 18, 1981.
Filed September 4, 1981.
Reargument Denied April 13, 1982.
Petition for Allowance of Appeal Granted November 5, 1982.
*27 David P. Helwig, Pittsburgh, for appellant.
Richard S. Dorfzaun, Pittsburgh, for U.S. Fidelity, appellee.
Dennis C. Harrington, Pittsburgh, for Palmer etc., appellees.
Before PRICE, BROSKY and MONTEMURO, JJ.
BROSKY, Judge:
This action stems from an automobile accident which occurred in Pennsylvania in which appellees, the Palmers, sustained injuries. Appellee, U.S. Fidelity and Guaranty Company, (hereinafter U.S.F. & G.) was assigned to administer claims filed by the Palmers pursuant to the assigned claims plan of the Pennsylvania No-Fault Motor Vehicle Insurance Act.[1] U.S.F. & G. has refused payment to the Palmers because it claims that any benefits owed to them are owed by appellant and it has filed a petition for declaratory judgment seeking such a ruling. The case is before us on appeal from the denial of appellant's preliminary objections to the petition.[2] The issue for our determination is whether the lower court has personal jurisdiction over this nonresident insurance company. Appellant argues that there is no statutory basis for an assumption of jurisdiction and that such an assumption would violate the Due Process Clause of the Fourteenth Amendment. We disagree and affirm the order of the lower court.
The lower court based its finding of jurisdiction on the terms of 42 Pa.C.S. § 5322(a)[3] (6) which provides:
(a) General rule.  A tribunal of the Commonwealth may exercise personal jurisdiction over a person (or the personal *28 representative of a deceased individual who would be subject to jurisdiction under this subsection if not deceased) who acts directly or by an agent, as to a cause of action or other matter arising from such person:
* * * * * *
(6)(i) Contracting to insure any person, property, or risk located within this Commonwealth at the time of contracting. (ii) Being a person who controls, or who is a director, officer, employee or agent of a person who controls, an insurance company incorporated in this Commonwealth or an alien insurer domiciled in this Commonwealth.
An examination of the facts of this case shows that this statute does provide a basis for exercising jurisdiction over appellant.
Appellant, United Farm Bureau Mutual Insurance Company, hereinafter United Farm, is a mutual insurance company incorporated in the state of Indiana. It issued an insurance policy to Mr. Palmer, also an Indiana resident, which policy U.S.F. & G. claims is the source of United Farm's liability. The policy contains the following clause:
This policy applies only to accidents, occurrences and loss during the policy period and while the automobile is within the United States of America, its territories or possessions, or Canada, or between ports thereof and is owned, maintained and used for the purposes as set out in the declarations or elsewhere in the policy . . . (Emphasis added.)
The contract itself outlines where the risks which it covers are located and says, in effect, that it covers the risk of accident in, among other places, Pennsylvania.
42 Pa.C.S. 5322(b) provides:
(b) Exercise of full constitutional power over nonresidents.  In addition to the provision of subsection (a) the jurisdiction of the tribunals of this Commonwealth shall extend to all persons who are not within the scope of section 5301 (relating to persons) to the fullest extent *29 allowed under the Constitution of the United States and may be based on the most minimum contract with this Commonwealth allowed under the Constitution of the United States.
Referring to a predecessor statute after which the above quoted subsection is patterned, this court wrote, "the addition of the new section . . . is clearly intended to liberalize Pennsylvania's position." Proctor & Schwartz, Inc. v. Cleveland Lumber Company, 228 Pa.Super. 12, 323 A.2d 11 (1974).
The subsection indicates that jurisdiction is conferred to the limits permitted by the United States Constitution. We turn next to the question of whether an exercise of jurisdiction in this case would violate the terms of the Due Process Clause of the Fourteenth Amendment.
The Due Process Clause limits the power of a state court to render a valid personal judgment against a nonresident defendant. World-Wide Volkswagen Corporation v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). That clause has been interpreted as mandating that a state may exercise jurisdiction over an absent defendant only if the defendant has certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. International Shoe Company v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).
In Hanson v. Denckla, supra, the Supreme Court wrote:
It is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum states, thus invoking the benefits and protections of its laws.
Supra at 253, 78 S.Ct. at 1240.
After discussing the Supreme Court's opinions in Hanson v. Denckla, supra, and McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957) (finding minimum contacts in solicitation and sale of single insurance contract by foreign corporation), our court explained,

*30 These decisions provide only a framework under the broad formula of "fair play and substantial justice" and a determination of whether or not the "minimum contacts" of a foreign corporation with a particular state are sufficient to make the corporation constitutionally amenable to process in that state must inevitably be made on an ad hoc case-by-case basis and not by the application of a mechanical rule.
Proctor & Schwartz, Inc. v. Cleveland Lumber Company, 228 Pa.Super. 12, 323 A.2d 11 (1974).
In Proctor & Schwartz, Inc. v. Cleveland Lumber Company, supra, we applied guidelines to aid in the determination of whether an exercise of jurisdiction is constitutionally permissible. Keeping in mind our opinion in Proctor that such decisions are to be made on an ad hoc basis and not by the application of a mechanical rule, we will apply the guidelines to the present appeal.
The guidelines are as follows:
First, the defendant must have purposefully availed itself of the privilege of acting within the forum state thus invoking the benefits and protections of its laws. Hanson v. Denckla, supra. Secondly, the cause of action must arise from defendant's activities within the forum state. See Southern Mach. Co. v. Mohasco Indus., Inc., 401 F.2d 374 (6th Cir. 1968); Electric Regulator Corp. v. Sterling Extruder Corp., 280 F.Supp. 550 (D.Conn. 1968). Lastly, the acts of the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over it reasonable. International Shoe Co. v. Washington, supra; see Southern Mach. Co. v. Mohasco Indus., Inc., supra; see also In-Flight Devices Corp. v. Van Dusen Air, Inc., 466 F.2d 220 (6th Cir. 1972); Kourkene v. American BBR, Inc., 313 F.2d 769 (9th Cir. 1963).
Id., 228 Pa.Super. at 19, 323 A.2d at 15.
With respect to the first requirement, we explained that:
When obligations entered into by a foreign corporation have a realistic economic impact on the commerce of this *31 Commonwealth and where the defendant should reasonably have foreseen that the transaction would have consequences in this Commonwealth the defendant has purposefully availed itself of the privilege of acting within the Commonwealth.
Id., 228 Pa.Super. at 19, 20, 323 A.2d at 15.
When appellant agreed to insure losses incurred in all states, it assumed an obligation that has an economic impact on those states. As the trial court noted in its opinion, the Commonwealth of Pennsylvania has an interest in the administration of its no-fault insurance program since improper administration results in higher premiums, which are paid by Pennsylvania residents. Having agreed to insure losses incurred in all states, appellant cannot now be heard to claim that it was unforeseeable that its contract with Mr. Palmer would have consequences in Pennsylvania.
The second of the guidelines is also met here. The cause of action is based on the terms of the insurance contract which provides the connection between appellant and the Commonwealth.
Finally, and we believe most fundamentally, the last of the guidelines is satisfied. The exercise of jurisdiction over this appellant is reasonable. Appellant chose to insure drivers against losses, accidents and occurrences in states other than Indiana. Given this obligation, it is reasonable to require it to be involved in the administration of the claims made by its insured drivers in other states.[4]
*32 The recent Supreme Court decision in World-Wide Volkswagen Corporation v. Woodson, supra, guides us in our assessment of the reasonableness of an exercise of jurisdiction in this case.
World-Wide Volkswagen was a products liability action brought in Oklahoma against a New York automobile retailer and wholesale distributor to recover for personal injuries sustained in Oklahoma in an automobile purchased by plaintiffs in New York. The Supreme Court held that an exercise of in personam jurisdiction upon them would be unconstitutional since the New York corporations did not have the requisite minimum contacts with Oklahoma. The court explained that although it was foreseeable that a car sold in New York would be driven to other states, "the mere likelihood that a product will find its way into the forum state" is not a sufficient basis for the exercise of jurisdiction. Rather, the court said, critical to a due process analysis is "that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." Id. 444 U.S. at 297, 100 S.Ct. at 567.
The court explained further,
When a corporation "purposefully avails itself of the privilege of conducting activities within the forum State," Hanson v. Denckla, supra, at 253, 78 S.Ct., at 1240, it has clear notice that it is subject to suit there, and can act to alleviate the risk of burdensome litigation by procuring insurance, passing the expected costs on to customers, or, if the risks are too great, severing its connection with the State.
Id. at 297, 100 S.Ct. at 567.
We find that by reason of the policy it issued to appellees, appellant had clear notice that it was subject to being involved in suits in Pennsylvania. The policy anticipates that the insured and the company will cooperate in litigation. As a driver, Mr. Palmer was subject to suit in any state into which he ventured. His insurer by agreeing to cover his losses incurred while operating his automobile and *33 by requiring a cooperative effort in litigation was put on notice that it could be involved in litigation in Pennsylvania. The due process requirements have been satisfied in this case.
Order affirmed.
MONTEMURO, J., concurs in the result.
NOTES
[1] Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. § 1009.108.
[2] The appeal is pursuant to 42 Pa.C.S. 5105(c) which provides for appeal of certain interlocutory orders and Pa.R.A.P. 311(b)(2) which states that an appeal only be taken as of right . . . if:

2. the court states in the order that a substantial issue of jurisdiction is presented.
[3] Act of July 9, 1976, P.L. 586, No. 142 § 2, as amended.
[4] This "traveling" obligation is not the obligation of Seider v. Roth, 17 N.Y.2d 111, 269 N.Y.S.2d 99, 216 N.E.2d 312 (1966). In Rush v. Savchuk, 444 U.S. 320, 100 S.Ct. 571, 62 L.Ed.2d 516 (1980), the Supreme Court refused to apply a Seider v. Roth analysis to bring an individual defendant into the court of a state with which he had no contacts. Using a Seider v. Roth approach, he would have been subject to that state's jurisdiction through the garnishment of his insurance policy, the terms of which Seider treated as giving rise to a debt owed to the insuree. Unlike Seider v. Roth, and Rush v. Savchuk, it is the insurance company that plaintiffs seek to bring into court in this case  not the insured. The "obligation" upon which jurisdiction is based, is the obligation of the company.