■ FARM FAMILY MUTUAL INSURANCE COMPANY, Plaintiff, v JOYCE NASS, Defendant and Third-Party Plaintiff-Appellant. ALLSTATE INSURANCE COMPANY, Third-Party Defendant, and HARLEYSVILLE INSURANCE COMPANY, Third-Party Defendant-Respondent.—In an action, inter alia, seeking a judgment declaring that the plaintiff fulfilled its obligation to pay no-fault benefits under an insurance policy, Joyce Nass, as administratrix of the estate of Jacqueline Nass, deceased, and in her individual capacity, appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), dated October 16, 1984, as granted the motion of the third-party defendant Harleysville Insurance Company (hereafter Harleysville) to dismiss the third-party complaint insofar as it is asserted against it upon the ground that the court lacked personal jurisdiction over it.

Order affirmed insofar as appealed from, with costs.

Special Term was correct when it concluded that it did not have personal jurisdiction over Harleysville under Insurance Law former § 59-a. Insurance Law former § 59-a (recodified with several minor changes as Insurance Law § 1213, eff Sept. 1, 1984) was enacted to provide a method of substituted

service of process upon insurers who are not authorized to do business in this State and who issue or deliver policies of insurance to residents of New York (see, Insurance Law former § 59-a [1]). The statute authorizes the service of process upon the Superintendent of Insurance where any insurer unauthorized to do business in this State issues or delivers contracts of insurance to residents of this State or corporations authorized to do business herein, solicits applications for such contracts, collects premiums, membership fees, assessments or other consideration for such contracts, or undertakes any other transaction of business, in an action, suit or proceeding arising out of any such contract of insurance (see, Insurance Law former § 59-a [2] [a]). Harleysville's insured was involved in an automobile accident with Jacqueline Nass, a New York resident, in Burlington County, New Jersey. Subsequently, Harleysville authorized a New York insurance-adjusting firm to settle the claim arising from that accident. The appellant now contends that action by Harleysville was sufficient to bring it under the purview of Insurance Law former § 59-a (2) (a) (4) regarding "any other transaction of business." Clearly, the substitute-service provision of Insurance Law former § 59-a applies only to insurers who issue or deliver policies when they are unauthorized to do business within New York State, and there is nothing in this record to indicate and the appellant does not claim, that Harleysville's insured's policy was issued or delivered to a resident of New York State. Therefore, the provision does not apply in this case to Harleysville. Bracken, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.