**Marilynn PIERCE, Appellant,**

v.

**Donald SERAFIN, M.D., Appellee.**

No. 89–CA–000744–MR.

Court of Appeals of Kentucky.

April 20, 1990.

Kevin George, Louisville, for appellant.

William O. Guethlein, William P. Swain, Frank Miller, Jr., Louisville, for appellee.

Before GUDGEL, STUMBO and WEST, JJ.

STUMBO, Judge.

This is an appeal from an opinion-order entered in the Jefferson Circuit Court dismissing an invasion of privacy case for lack of personal jurisdiction. The facts of this matter can be stated simply: Appellant herein was referred for evaluation of a medical condition to appellee by her then counsel. Appellant was contemplating filing suit against her treating physician for malpractice. It is alleged by appellant and not denied by appellee that all were aware that this was the purpose of the evaluation. Appellee is a physician residing and practicing medicine in Durham, North Carolina. Following said evaluation, appellee released to appellant's treating physician a photocopy of his evaluation notes. Appellant alleges and it is not contested that no consent for the release of her evaluation to her treating physician was given. Appellant's treating physician is in practice in Louisville, Kentucky.

Upon discovering the release of this confidential information, appellant filed suit against appellee. The trial court granted appellee's motion to dismiss, finding that there was insufficient contact with Kentucky to exercise personal jurisdiction over appellee.

Appellant alleges that the Jefferson Circuit Court does have jurisdiction over the instant action pursuant to KRS 454.-210(2)(a), which provides in relevant part as follows:

A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a claim arising from the persons: ... (3) causing tortious injury by an act or omission in this Commonwealth....

Appellant's action was framed as an invasion of privacy. Appellant contends that the tort was complete when her treating physician received the medical report in the state of Kentucky and, thus, appellee "caused" injury by an "act" in the Commonwealth.

Thus the issue presented to this Court is whether KRS 454.210(2)(a)(3) confers personal jurisdiction over a nonresident defendant when that defendant's only connection with Kentucky is the mailing of an allegedly tortious letter from outside the forum.

The purpose of the Kentucky long-arm statute is to insure that Kentucky courts comply with federal constitutional requirements of due process before asserting personal jurisdiction over nonresident defendants. It has been interpreted to extend to the outer limits of the due process clause. *Texas American Bank v. Sayers*, Ky.App., 674 S.W.2d 36 (1984).

The test to be applied is as follows:
First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the activities of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction reasonable.

*Tube Turns Division of Chemetron Corp. v. Patterson Company, Inc.*, Ky.App., 562 S.W.2d 99, 100 (1978).

Assuming appellant's privacy was invaded, but not *holding* that this occurred, it appears that the mailing of this letter caused "a consequence" in Kentucky. That the disclosure of the medical report was to a Kentucky physician whom appellant was contemplating bringing suit against appears to meet the test of whether the consequence has a substantial enough connection with the forum state to make the exercise of jurisdiction reasonable. It is with the second portion of the test that appellant's difficulty arises in that it requires that the cause of action must arise from defendant's activities there.

It is clear from the affidavit filed by appellee herein that he has not acted in the Commonwealth of Kentucky. Therefore we agree with the circuit court in its decision that our long-arm statute does not provide personal jurisdiction over appellee herein.

This is particularly true in light of the next subparagraph of KRS 454.210(2)(a)(4) which provides as follows:

Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth, provided that the tortious injury occurring in this Commonwealth arises out of the doing or soliciting of business or a persistent course of conduct or derivation of substantial revenue within the Commonwealth.

In both subparagraph three (3) and subparagraph four (4) the tortious injury occurs within the Commonwealth, but in paragraph three (3) the causal act also occurs within the state while in paragraph four (4) it occurs outside the state. If the court were to hold that a plaintiff could use paragraph three (3) to obtain jurisdiction the necessity for paragraph four (4) would be completely obviated as every set of facts

which gave rise to tortious injury could be brought within the terms of paragraph three (3). Thus Kentucky has elected to assume personal jurisdiction over a nonresident tort-feasor whose activities outside the state result in injury in this state only if that tort-feasor regularly does or solicits business within the state or has other substantial connection to the Commonwealth.

In other jurisdictions with substantially similarly formulated long-arm statutes, the courts have reached this same result. *See Timberlake v. Summers*, 413 F.Supp. 708 (W.D.Okla.1976) (interpreting Oklahoma law). *Craig v. General Finance Corporation of Illinois*, 504 F.Supp. 1033 (D.C.Md. 1980) (interpreting Maryland law). *Margoles v. Johns*, 483 F.2d 1212 (D.C.Cir.1973) (interpreting District of Columbia law).

For the reasons set for herein, the judgment of the Jefferson Circuit Court dismissing this case for lack of personal jurisdiction is affirmed.

All concur.