**TENNESSEE FARMERS MUTUAL
INSURANCE COMPANY,
Appellant,**

**v.**

**David P. HARRIS, and Linda J. Harris, Individually and as Statutory Guardians for Kimberly Harris, a Minor, Appellees.**

**No. 91–CA–852–MR.**

Court of Appeals of Kentucky.

May 29, 1992.

R. William Tooms, London, for appellant.

J.P. Cline III, Middlesboro, Gerald L. Greene, Pineville, for appellees.

Before GUDGEL, HUDDLESTON, and McDONALD, JJ.

GUDGEL, Judge:

This is an appeal from a summary judgment granted by the Bell Circuit Court in an action seeking to recover uninsured and

underinsured motorist benefits under an automobile liability insurance policy issued by a nonresident Tennessee insurance company. Appellant insurer contends that the court erred by finding that Kentucky could validly exercise personal jurisdiction over it, that Kentucky law governs all issues between the parties, and that appellant is liable to appellee insureds for uninsured and underinsured motorist benefits under the policy. We agree with appellant's first contention. Hence, we reverse and remand without addressing the remaining issues raised on appeal.

This appeal stems from accidents which occurred in Bell County, Kentucky, on April 30, 1989, in which appellees David and Linda Harris and their daughter Kimberly, all of whom are residents of Tennessee, sustained serious personal injuries. Appellees initially filed an action against Melissa Maggard, Freida Johnson and Matthew Johnson, Jr., and on July 31, 1990, were awarded a judgment against these individuals in the amount of $1,232,350. This judgment was partially satisfied by the payment of $100,000 by a liability insurance carrier, Worldwide Insurance Group. The balance of the judgment remains unpaid. In a companion action, appellees sued an uninsured motorist, William M. Slover, and were awarded a judgment in the amount of $467,474. This latter judgment remains entirely unsatisfied.

On August 16, 1990, appellees filed an amended complaint against their own insurance carrier, appellant Tennessee Farmers Mutual Insurance Company (Tennessee Farmers), seeking to recover uninsured and underinsured benefits under a liability insurance policy issued by Tennessee Farmers. As an affirmative defense, Tennessee Farmers alleged that Kentucky lacked personal jurisdiction over it. On March 12, 1991, the court granted appellees a summary judgment. The court adjudged that Tennessee Farmers, by its own actions, established a series of contacts with Kentucky that when taken in conjunction with each other were sufficient to vest Kentucky with personal jurisdiction over it. Specifically, the court found that Tennessee Farmers sent an adjuster to Kentucky to adjust the loss and gave its written consent to maintenance of the Kentucky tort actions. Furthermore, the court adjudged that Kentucky law governs all issues in the action. As a result, appellees were adjudged to be entitled to recover $50,000 in uninsured motorist benefits and an additional $50,000 in underinsured motorist benefits from Tennessee Farmers, with the latter amount being subject to a setoff for medical payment coverage of $5,000. Appellees were also awarded prejudgment interest and attorney fees. This appeal followed.

First, appellant contends that the court erred by finding that Kentucky could validly exercise personal jurisdiction over it under the long-arm statute, KRS 454.210, because appellees' claims are based on a contract between Tennessee residents, with the only connection between appellant insurer and Kentucky being that its Tennessee insureds were involved in an accident in Kentucky. In short, appellant argues that the minimum contacts test necessary to confer jurisdiction on Kentucky courts pursuant to KRS 454.210(2)(a)(1) is not satisfied by the mere fact that the accident occurred in Kentucky. We agree.

In a recent decision, *Pierce v. Serafin*, Ky.App., 787 S.W.2d 705 (1990), we reiterated that "[t]he purpose of the Kentucky long-arm statute is to insure that Kentucky courts comply with federal constitutional requirements of due process before asserting personal jurisdiction over nonresident defendants. It has been interpreted to extend to the outer limits of the due process clause." *Id.* at 706 (citing *Texas American Bank v. Sayers*, Ky.App., 674 S.W.2d 36 (1984)). The three criteria for determining the outer limits of personal jurisdiction are as follows:

First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the activities of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction reasonable.

787 S.W.2d at 706, (quoting *Tube Turns Division of Chemetron Corp. v. Patterson Company, Inc.*, Ky.App., 562 S.W.2d 99, 100 (1978)).

Based upon these criteria, we are satisfied that the court erred by concluding that Kentucky could validly exercise personal jurisdiction over appellant. It is undisputed that all the parties are Tennessee residents, that the insurance policy sued upon was written and delivered in Tennessee, and that appellant does not write coverage in Kentucky, and indeed, has not sought or been granted a certificate of authority to do business in Kentucky. In fact, the only contact appellant had with Kentucky concerning appellees' loss occurred *after* the accident when appellant's adjuster came to Kentucky to obtain a police report, look at the insured vehicle and arrange with a salvage company to pick up the vehicle after settling its insured's collision claim. However, these activities taken solely in furtherance of effecting a settlement of a collision damage claim did not serve to confer personal jurisdiction over appellant under the long-arm statute. The long-arm statute allows a court to exercise personal jurisdiction over a corporation which acts by an agent only if the claim arises from the corporation's transaction of business in Kentucky. KRS 454.-210(2)(a)(1). Here, the contract claim sued upon did not arise by virtue of Tennessee Farmers' having transacted business in Kentucky, but rather by virtue of Tennessee Farmers' having issued a liability insurance policy in Tennessee to Tennessee residents who happened to sustain a loss under the policy in Kentucky. Although it was necessary for Tennessee Farmers' adjuster to come to Kentucky after the loss occurred before effecting a settlement of the Tennessee collision damage claim, this did not amount to the transaction of business in Kentucky for purposes of exercising personal jurisdiction pursuant to KRS 454.-210(2)(a)(1). *Cf. Bowen v. Eastside Jersey Dairy*, Ky., 521 S.W.2d 822 (1975); Annot. 27 A.L.R.3d 397 (1969). Moreover, contrary to appellees' contention, appellant did not consent to the jurisdiction of the Kentucky court by sending a letter to its attorney stating that "[w]e consent to your filing suit against William Slover, but our obligation to pay any judgment is determined by the terms and provisions of the policy and any applicable statutes." There is simply nothing in this letter whereby appellant agreed to submit itself to the jurisdiction of the Kentucky courts.

We have been unable to find a case on the issue of whether Kentucky may validly exercise personal jurisdiction over a nonresident insurer solely on the basis that an accident occurred in this state. However, the weight of authority from other states answers this question in the negative.

In *United Farm Bureau Mutual Insurance Co. v. United States Fidelity and Guaranty Co.*, 501 Pa. 646, 462 A.2d 1300 (1983),[1] the Supreme Court of Pennsylvania was presented with the question of whether Pennsylvania had sufficient minimal contacts to exercise personal jurisdiction over a nonresident liability insurance carrier in a suit brought by a Pennsylvania no-fault assigned risk carrier. In that case, the foreign company's only contact with Pennsylvania was that an auto accident involving its insured occurred in Pennsylvania. In a well-reasoned decision which traces the history of the "minimum contacts" test and due process limitations on the exercise of state court jurisdiction over nonresident corporate defendants, the court held that while United Farm can "be held to have foreseen the possibility of suit against the Palmers in our courts, and thus to reasonably expect to be brought into court here to defend them … we cannot uphold personal jurisdiction over United Farm." *Id.* 462 A.2d at 1307. *See also Colmon v. Maryland Automobile Fund*, 393 Pa.Super. 313, 574 A.2d 628 (1990).

In *Batton v. Tennessee Farmers Mutual Insurance Co.*, 153 Ariz. 268, 736 P.2d 2 (1987), an insured, who was injured in an automobile accident while visiting in Arizona, filed an action for breach of contract and bad faith in that state against his Ten-

---

**1.** This decision overruled the lower court's decision in *United States Fidelity and Guaranty Company v. United Farm Bureau Mutual Insur-* *ance Company,* 297 Pa.Super. 25, 443 A.2d 280 (1981), cited in appellees' brief.

nessee insurer. The Supreme Court of Arizona held that "Batton's presence in Arizona was the consequence of his own *unilateral* activity and fails to establish any 'purposeful contacts' between Tennessee Farms and Arizona." *Id.* 736 P.2d at 6 (emphasis theirs). "The sole question here is whether Tennessee Farmers purposefully directed its activities at Arizona. On these facts, it is not possible to say that it has done so. Batton is not an Arizona resident and Tennessee Farmers has never availed itself of the opportunity to do business in Arizona." *Id.* 736 P.2d at 7. *See also Taylor v. Fireman's Fund Insurance Co.,* 161 Ariz. 432, 778 P.2d 1328 (1989).

In *Zimmerman v. American Inter-Insurance Exchange,* 386 N.W.2d 825 (Minn. Ct.App.1986), an Iowa resident, who was a student in Minnesota at the time of an auto accident, filed a declaratory judgment action against his Iowa insurance company seeking underinsured motorist benefits under provisions of the Minnesota No–Fault Act. The court held that the Iowa insurer did not have contacts with Minnesota sufficient to confer personal jurisdiction over it on the Minnesota courts. *Cf. Payne v. Mutual Fire and Automobile Insurance Co.,* 381 N.W.2d 523 (Minn.Ct.App.1986) (the act by the Iowa insurer of purposefully insuring travel within Minnesota was a contact of sufficient quality to support the exercise of personal jurisdiction); *Kriko v. Allstate Insurance Company of Canada,* 137 Mich.App. 528, 357 N.W.2d 882 (1984) (Michigan courts had personal jurisdiction over nonresident insurer who voluntarily chose to file a certificate of compliance with Michigan no-fault laws).

In *Hall v. Scott,* 416 So.2d 223 (La.App. 1982), a citizen of California brought suit in Louisiana to recover for injuries she sustained in an accident there. She joined Western Pioneer, her California liability insurance carrier, on the grounds that it had issued a policy to her which provided uninsured motorist and medical payments coverage. Western Pioneer pleaded lack of personal jurisdiction as a defense to the action. The court held that "[h]ad Mrs. Hall been the operator of a motor vehicle in the State of Louisiana and negligently caused injury to another, then clearly this state would have personal jurisdiction over her liability insurance carrier for the damages caused in tort. However, this is a suit in contract by a California insured against her California insurer for casualty and medical payment claims under a contract written and delivered in California." *Id.* at 229. Hence, the court held that there were not sufficient contacts between Western Pioneer and Louisiana for Louisiana to acquire personal jurisdiction over Western Pioneer. *See also Stewart v. Revnell,* 542 So.2d 655 (La.App.1989).

A New York Supreme Court in *Farm Family Mutual Insurance Company v. Nass,* 126 Misc.2d 329, 481 N.Y.S.2d 952 (1984), *aff'd,* 121 A.D.2d 498, 503 N.Y.S.2d 820 (1986), held that the designation of a New York claims adjuster to settle a personal injury claim by a foreign insurer concerning an accident in New Jersey did not constitute "any other transaction of business" under Insurance Law sec. 59–a so as to warrant a New York court in exercising personal jurisdiction over the foreign insurer.

> The thread of long-arm jurisdiction is that the acts sufficient to constitute "transacting any business" arose prior to the commencement of the lawsuit and form a nucleus of the suit. In this case, third party plaintiffs seek to utilize the acts of the claims adjuster which occurred after the accident to form a basis for long-arm jurisdiction. This variation is improper.

*Id.* 481 N.Y.S.2d at 954. "Although 'the limits imposed on state jurisdiction by the Due Process Clause ... have been substantially relaxed over the years,' *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 292–3, 100 S.Ct. 559, 564–65, 62 L.Ed.2d 490 (1980), state lines are still relevant for jurisdiction purposes." *Id.*

The cases appellees cite in support of their position are not persuasive. As noted earlier, the Pennsylvania case has been overruled. Moreover, the view adopted in the Florida decision cited by appellees has been rejected in at least four cases from two different appellate districts in that state. Finally, the Maryland case cited by appellees is clearly distinguishable on its facts.

In sum, the record shows that appellant Tennessee Farmers neither acted in this state nor caused a consequence in this state, and that appellees' action against it did not arise as a result of its activities here. Thus, the exercise of personal jurisdiction over Tennessee Farmers would not be reasonable under the circumstances. Consistent with the relevant authorities, therefore, we hold that the court erred by finding that sufficient minimum contacts existed to justify exercising personal jurisdiction over Tennessee Farmers under the Kentucky long-arm statute.

In light of our resolution of this jurisdictional issue, we need not address appellant's remaining contentions.

The court's judgment is reversed and remanded with directions to enter an order dismissing appellees' claims against Tennessee Farmers without prejudice to any claim they may subsequently assert in Tennessee.

All concur.