**AUTO OWNERS INSURANCE COMPANY, Appellant,**

v.

**CONSUMERS INSURANCE USA, INC., Appellee.**

No. 2009–CA–000955–MR.

Court of Appeals of Kentucky.

Oct. 8, 2010.

James A. Sigler, James R. Coltharp, Jr., Paducah, KY, for appellant.

Michael D. Hallyburton, Madisonville, KY, for appellee.

Before DIXON and KELLER, Judges; LAMBERT,[1] Senior Judge.

## OPINION

LAMBERT, Senior Judge:

Auto Owners Insurance Company ("Auto Owners") appeals from the April 30, 2009, judgment of the Hopkins Circuit Court which granted summary judgment to Consumers Insurance USA, Inc. ("Consumers") in the underlying civil action between the parties. Upon our conclusion that the trial court erred in holding that it lacked personal jurisdiction over Consumers, we reverse and remand.

The underlying circuit court civil action arose from an automobile accident on November 20, 2000, in Hopkins County, Kentucky. Marilyn Stafford, a Kentucky resident, was injured due to the negligence of Sharon Sweatt, a Tennessee resident, who was operating her automobile in Kentucky. As a result of Ms. Stafford's injuries, her insurer, Auto Owners, paid her $10,000 pursuant to its policy and Kentucky law in basic reparations benefits ("BRB")/personal injury protection ("PIP").

On November 19, 2002, Auto Owners filed suit in the Hopkins Circuit Court against Ms. Sweatt, the party at fault, seeking recovery of its payment to Ms. Stafford. Ms. Sweatt moved for summary judgment which was granted. However, the trial court later reversed itself and returned the case to its active docket. On May 18, 2007, Auto Owners amended its complaint to include Ms. Sweatt's insurer, Consumers, alleging bad faith for Consumers' failure to reimburse Auto Owners for its payment to Ms. Stafford.

Consumers is domiciled in Tennessee and at the time of the accident, Consumers was not authorized to do business nor doing business in Kentucky.[2]

Auto Owners sought summary judgment against Ms. Sweatt for the sums it had paid its insured, Ms. Stafford. Its motion was granted on February 15, 2008, and judgment was entered in favor of Auto Owners against Ms. Sweatt in the amount of $10,000, plus costs, prejudgment interest, and post-judgment interest. Next, Consumers, Ms. Sweatt's insurer, sought summary judgment. In that motion, Consumers asserted that it did not conduct business in Kentucky, and further maintained that its policy with Ms. Sweatt did

---

1. Senior Judge Joseph E. Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

2. Consumers registered to conduct business in Kentucky in September of 2002. However, Consumers maintains, and Auto Owners does not dispute, that it has never actually conducted business in Kentucky and has never issued an insurance policy in Kentucky or for a Kentucky garaged vehicle.

not provide PIP coverage to a Kentucky resident for an accident that occurred in Kentucky. Auto Owners again amended its complaint seeking to enforce its judgment against Ms. Sweatt from her insurer, Consumers. Consumers' motion for summary judgment was denied and discovery was ordered by the trial court. Consumers then filed a motion to dismiss for lack of personal jurisdiction. On April 30, 2009, the trial court granted summary judgment to Consumers on grounds that the Hopkins Circuit Court lacked jurisdiction. This appeal followed.

■ The standard of review, when examining a trial court's issuance of summary judgment, is well established in Kentucky law.

> The standard of review on appeal when a trial court grants a motion for summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. The trial court must view the evidence in the light most favorable to the nonmoving party, and summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. The moving party bears the initial burden of showing that no genuine issue of material fact exists, and then the burden shifts to the party opposing summary judgment to present at least some affirmative evidence showing that there is a genuine issue of material fact for trial.

*Suter v. Mazyck*, 226 S.W.3d 837, 841 (Ky. App.2007) (quotations and citations omitted). *See also* CR [3] 56.03. Because the determination of whether a court possesses jurisdiction over a party is a legal question, we will review the issue *de novo*.

On appeal Auto Owners first argues that Kentucky possesses personal jurisdiction over Consumers based on its minimum contacts with Kentucky. Consumers concedes that as a result of the November 20, 2000, accident between Ms. Stafford and Ms. Sweatt, Consumers utilized the services of an independent adjusting service to assess the damage done to the vehicles; an independent medical damage assessor to assess injuries suffered by Ms. Stafford; and a Kentucky attorney, Michael Hallyburton, to defend the personal injury claim which arose as a result of the collision. However, Consumers maintains that it never transacted business within Kentucky and has not subjected itself to the jurisdiction of Kentucky courts.

In a proper case, Kentucky courts may exercise personal jurisdiction over non-resident defendants through KRS 454.210, otherwise known as the Kentucky long-arm statute. That statute grants personal jurisdiction over a party acting directly, or by agent, as to a claim arising from various actions of a party within the Commonwealth of Kentucky. Qualifying actions include business transactions; contracts for services or goods; tortious injury; use or ownership of real property; contracting to insure; committing sexual intercourse; or making telephone solicitations. *See* KRS 454.210(2)(a).

This Court has held that personal jurisdiction did not exist over a Tennessee-based insurance company whose insured was involved in an automobile accident in Kentucky, where the company had never conducted business in Kentucky and its only contact with Kentucky was to obtain a police report, examine the insured vehicle, and arrange for the vehicle to be picked up. *Tennessee Farmers Mutual Insurance Co. v. Harris*, 833 S.W.2d 850 (Ky.

---

**3.** Kentucky Rules of Civil Procedure.

App.1992). However, the facts of *Harris* are distinguishable from those before this Court. The plaintiffs in *Harris* were first-party insureds suing their own insurance carrier. In this case, the claim is by a third party and her insurer seeking recovery of sums paid pursuant to insurance coverage mandated by Kentucky law. In *Harris*, recovery was sought under contract theory. As such it was not unreasonable to require the plaintiff to sue in the courts of the defendant's domicile. In contrast, this case arises from a tort claim where a Kentucky resident sought recovery for personal injuries she suffered in Kentucky at the hands of a Tennessee resident who was insured by a Tennessee insurer. Ms. Stafford was a stranger to the contract between Ms. Sweatt and Consumers. Her right to use the courts of her state of residence should not be circumscribed by the contractual relationship of others. Accordingly, *Harris* is not controlling in this case.

Although *Harris* is distinguishable, it nonetheless offers guidance as we attempt to ascertain whether Consumers is subject to the jurisdiction of Kentucky courts. The Court in *Harris* set out three criteria for ascertaining personal jurisdiction under the Kentucky long-arm statute.

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the activities of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction reasonable.

*Id.* at 852 (citations omitted).

 ▪ Applying these criteria to the facts before us, we are persuaded that Consumers is subject to Kentucky jurisdiction.

By its automobile insurance contract with Ms. Sweatt, Consumers invested her with the right to drive lawfully in Kentucky and states other than her home state of Tennessee. By express language, the policy territory was identified as "The United States of America, its territories or possessions; Puerto Rico; or Canada." Consumers knew or should have known that its insured Ms. Sweatt, would likely operate a motor vehicle outside the borders of Tennessee. Certainly nothing in the insuring agreement prohibited Ms. Sweatt from driving in the other forty-nine states. It was precisely to the contrary. Citizens are entitled to travel freely throughout this nation. State lines are not barriers. Accordingly, we have no doubt that Consumers availed itself of the privilege of acting in Kentucky by writing an automobile insurance policy in an adjoining state with which Kentucky shares hundreds of miles of border. Continuing with the *Harris* factors, the cause of this tort action, an automobile accident, arose from Consumers' insured's activity in Kentucky. Finally, commission of an automobile tort by the insured of a non-resident insurer is a sufficiently substantial connection to the forum state to make the exercise of jurisdiction reasonable.

Our view in this regard is fortified by the public policy of Kentucky as set forth in KRS 304.39–010. As noted in *Bishop v. Allstate*, 623 S.W.2d 865 (Ky.1981), enactment of the Motor Vehicle Reparations Act established a system of compulsory insurance for the owners and operators of motor vehicles in Kentucky. The Act established a comprehensive system for the adjustment of automobile tort claims. An essential feature of the system established was prompt payment of basic reparation benefits and the recovery of such sums from the party at fault or his insurer. Upon this public policy, *Bishop v. Allstate*

held that an exclusionary clause in an insurance contract, which reduced it below the legal minimum or eliminated the coverage, rendered the driver uninsured to the extent of the reduction or elimination. Holding that such a reduction or elimination contravened the purpose and policy of the Act, the Court invalidated family or household exclusionary clauses. If Consumers succeeds on its lack of jurisdiction claim, the insured, Ms. Sweatt, will have been an uninsured driver in Kentucky with the result that the public policy of Kentucky will have been entirely frustrated.

Hereinabove we discussed *Tennessee Farmers Mutual Insurance Co. v. Harris, supra,* and quoted the elements it set forth for the exercise of personal jurisdiction pursuant to the Kentucky long arm statute. While those elements are helpful in some cases, they may be insufficient in others. The Supreme Court of Kentucky recently decided *Cummings v. Pitman,* 239 S.W.3d 77 (Ky.2007), a case in which the connection between the Kentucky forum and the non-resident defendant was limited, with most of the contact between the parties having taken place in New York. Concluding that Kentucky courts had a proper basis for the exercise of jurisdiction, the Supreme Court of Kentucky stated:

> As the U.S. Supreme Court has said, "[T]he Due Process Clause may not readily be wielded as a territorial shield to avoid interstate obligations that have been voluntarily assumed." Thus, we will continue to employ the three-prong test to determine the outer limits of personal jurisdiction being always mindful of the International Shoe overarching requirement of "fair play and substantial justice," which broadly considers the burden on the defendant in litigating in this forum; the interests of the forum; the plaintiff's interest in litigating in this forum; and our system's interest in judi-

cial economy. In doing so, we keep faith with constitutionally-mandated due process safeguards in asserting or declining jurisdiction. In analyzing the first prong of the test, the Supreme Court has stated, "[The] 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous' or 'attenuated' contacts." Thus, in determining whether the purposeful availment test is satisfied, courts must look beyond formalistic measures such as physical presence in the forum and instead evaluate the nature of the contacts and the degree to which they represent a purposeful availment of the forum's protections and benefits. The two cornerstones of this analysis are foreseeability and voluntariness.

*Id.* at 86. (Citations omitted.)

 Under the foregoing analysis, we are convinced that a Tennessee insurer that writes a liability policy for a Tennessee resident has voluntarily assumed an interstate obligation. We discern no breach of fair play and substantial justice by requiring a non-resident insurer to defend itself and its insured in the courts of Kentucky when the injury-producing accident has occurred on Kentucky highways. As instructed by *Cummings,* we look "beyond formalistic measures such as physical presence" and look instead to the nature of the contact between the defendant and the forum state. Other courts have recognized that the issuance of an insurance policy is sufficient to subject an issuing company to a foreign jurisdiction in a lawsuit brought by an injured third-party. *See, e.g., Payne v. Motorists' Mutual Insurance Companies,* 4 F.3d 452 (6th Cir. 1993) (third-party beneficiaries sought recovery under a breach of contract theory; court applied the same three-prong test utilized by Kentucky in *Harris* ); *see also, Rossman v. State Farm Mutual Automo-*

*bile Insurance Company,* 832 F.2d 282 (4th Cir.1987) (court considered the policy territory as outlined in the insurance policy and also applied the standards of "fair play and substantial justice"). If an insurance company wishes to limit the scope of its coverage, and likewise its liability, it may do so by excluding certain geographical areas from its policies. Consumers imposed no such limitation. Accordingly, Consumers subjected itself to the long-arm jurisdiction of Kentucky courts. To hold otherwise would offend due process of law and the public policy of Kentucky. We therefore hold that in this case Consumers is subject to personal jurisdiction in the Commonwealth of Kentucky.

■ Finally, we note the presence of genuine issues of material fact upon the bad faith claim. As such, remand is necessary. *See, e.g., Steelvest, Inc. v. Scansteel Service Center, Inc.,* 807 S.W.2d 476 (Ky. 1991); *see also,* CR 56.05.

For the foregoing reasons, the April 30, 2009, judgment of the Hopkins Circuit Court is reversed and this cause is remanded for further consistent proceedings.

ALL CONCUR.