RENDERED:  OCTOBER 28, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1242-MR

TERESA BATES                                                                 APPELLANT

v.                    APPEAL FROM KNOTT CIRCUIT COURT
                      HONORABLE KIM C. CHILDERS, JUDGE
                      ACTION NO. 21-CI-00088

TODD DAUPER; AXEL
SMALLWOOD; AND STATE FARM
MUTUAL AUTOMOBILE
INSURANCE COMPANY                                                           APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  GOODWINE, MAZE, AND K. THOMPSON, JUDGES.

GOODWINE, JUDGE:  Teresa Bates ("Bates") appeals the October 12, 2021 order

of the Knott Circuit Court dismissing Todd Dauper ("Dauper"), a claims specialist

for State Farm Mutual Automobile Insurance Company ("State Farm"), as a party

for lack of personal jurisdiction.  We affirm.

Bates and her husband, Carl, are both residents of Texas. They were involved in a motor vehicle collision involving another vehicle driven by Axel Smallwood ("Smallwood") in Knott County, Kentucky on September 17, 2019. The Bateses presented a claim for bodily injury to Smallwood's liability insurance carrier, Grange Insurance Company ("Grange"). After settling their claim with Grange, the Bateses filed a claim for underinsured motorist ("UIM") benefits with their automobile insurance carrier, State Farm. The State Farm policy originated in the Bateses' home state of Texas, where their vehicle is garaged and registered. Dauper, a Texas claims specialist, was assigned to the UIM claim.

On April 26, 2021, the Bateses filed suit against Smallwood, State Farm, and Dauper. They alleged, in relevant part, Dauper acted in bad faith in violation of the Kentucky Unfair Claims Settlement Practice Act ("UCSPA") by failing to settle their UIM claim. State Farm then paid out $100,000, the full amount allowed by the UIM limits of the Bateses' policy.[1] Dauper, a resident of Texas, moved for dismissal, arguing Kentucky courts did not have personal

---

[1] Bates maintains she is entitled to "stack" the UIM benefits of the other vehicles listed on the insurance policy. State Farm argues Texas has jurisdiction over Bates' claims and stacking is prohibited under that state's law. Bates' claims against Smallwood and State Farm remain pending before the trial court.

jurisdiction over him. Finding it lacked personal jurisdiction over him, the trial court dismissed Dauper as a party. This appeal followed.[2]

The existence of personal jurisdiction is a question of law which we review *de novo*, giving no deference to the trial court's decision. *H.E.B., LLC v. Jackson Walker, L.L.P.*, 587 S.W.3d 333, 338 (Ky. App. 2019) (citing *Appalachian Reg'l Healthcare, Inc. v. Coleman*, 239 S.W.3d 49, 53-54 (Ky. 2007)).

On appeal, Bates argues the trial court erred in dismissing Dauper as a party based on lack of personal jurisdiction.[3]

The trial court does not have personal jurisdiction over Dauper, a nonresident of Kentucky. Personal jurisdiction refers to a "court's authority to determine a claim affecting a specific person[.]" *Nordike v. Nordike*, 231 S.W.3d 733, 737 (Ky. 2007) (citation omitted). The purpose of KRS[4] 454.210, the Commonwealth's long-arm statute, "is to permit Kentucky courts to exercise personal jurisdiction over nonresident defendants while complying with federal constitutional due process." *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 54 (Ky. 2011) (citation omitted).

---

[2] Only Teresa, not Carl, appealed from the October 12, 2021 order of the trial court dismissing Dauper as a party.

[3] Bates also argues the trial court inappropriately relied on *Tennessee Farmers Mutual Insurance Company v. Harris*, 833 S.W.2d 850 (Ky. App. 1992), in dismissing Dauper. The record does not indicate the court relied on *Harris*. In fact, the order dismissing Dauper cites no case law.

[4] Kentucky Revised Statutes.

Determination of long-arm jurisdiction over a nonresident defendant requires a two-step analysis. *H.E.B.*, 587 S.W.3d at 338 (citation omitted). First, a court must determine whether the matter arises from activities of the defendant which fit into one of the categories enumerated in KRS 454.210. *Id.* For a claim to "arise from the activities" of a defendant, there must be "a reasonable and direct nexus between the wrongful acts alleged in the complaint and the statutory predicate for long-arm jurisdiction." *Beach*, 336 S.W.3d at 59. If the statute does not apply, the court does not have personal jurisdiction over the defendant and the claims against him must be dismissed. If the statute applies, the court must perform the second step of analysis, which requires a determination of whether exercising personal jurisdiction would offend the defendant's federal due process rights. *H.E.B.*, 587 S.W.3d at 338 (citation omitted). If not, the court has personal jurisdiction over the nonresident defendant. *Id.*

Bates argues Kentucky courts have long-arm jurisdiction over Dauper under KRS 454.210(2)(a)3., which confers personal jurisdiction where a person has "[c]aus[ed] tortious injury by an act or omission in this Commonwealth[.]"[5] To support this claim, she alleges Dauper ignored her demands, failed to make any

---

[5] On appeal, Bates also claims KRS 454.210(2)(a)1. applies. However, she did not raise this argument before the trial court. It is well settled that a party is prohibited from raising an issue for the first time on appeal. *Sunrise Children's Services, Inc. v. Kentucky Unemployment Insurance Commission*, 515 S.W.3d 186, 192 (Ky. App. 2016) (citation omitted). On this basis, we will not consider the merits of this argument.

offers of settlement, and forced her to litigate her UIM claim, causing her injury under the UCSPA. Appellant's brief at 6.

Dauper is a resident of Texas and conducts his work as a claims specialist for State Farm from Texas. He was assigned to Bates' UIM claim because the insurance policy originated in Texas, the Bateses are residents of Texas, and the vehicle they were operating at the time of the collision is garaged and registered in Texas. None of the conduct Bates claims Dauper engaged in occurred in Kentucky. If Dauper ignored communications from Bates' counsel in violation of the UCSPA, he did so in Texas. Because the alleged activities did not occur in Kentucky, KRS 454.210(2)(a)3. does not apply, and the trial court does not have personal jurisdiction over Dauper. On this basis, we need not consider the parties' arguments regarding federal due process.

Based on the foregoing, the order of the Knott Circuit Court is affirmed.

MAZE, JUDGE, CONCURS.

THOMPSON, K., JUDGE, CONCURS IN RESULT ONLY.

BRIEFS FOR APPELLANT:

Timothy C. Bates
Hindman, Kentucky

BRIEF FOR APPELLEE TODD DAUPER:

Darrin W. Banks
Paintsville, Kentucky